HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARILYN CRAWFORD,<br><br>Defendant. | CASE NO. C12-5095 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff IDS Property Casualty Insurance Co.'s motion for summary judgment (Dkt. #22) and Defendant Marilyn Crawford's cross-motion for partial summary judgment on her counterclaims (Dkt. #31). Crawford had both automobile and homeowner's insurance through IDS. After intentionally setting fire to her car and garage in an aborted suicide attempt, Crawford submitted claims under both policies. IDS denied coverage under the homeowner's policy for the damage that the fire and smoke caused to her house and personal property based on the policy's intentional loss exclusion. It then filed this action seeking a declaratory judgment that Crawford's homeowner's claim is not covered. Crawford denies the applicability of the intentional loss exclusion and counter-claimed, alleging that IDS failed to adequately investigate her claim before denying coverage.

## I. BACKGROUND

On October 31, 2011, Crawford tried to kill herself by setting her garage on fire. She parked her car in the garage, closed the garage door, poured gasoline all around and inside the car, got in, closed the door, started the car, and then lit a cigarette. The gasoline ignited, but once she felt the heat from the fire, she decided that she did not want to die. She got out of the car, ran to the garage door, which had bowed from the heat, and crawled to safety. Crawford escaped from the inferno, but the fire caused considerable damage to her house and personal property.

A detective for the Tacoma Police Department Arson Unit interviewed Crawford at the hospital the day of the fire. During that interview, Crawford told the detective that she had accidentally kicked over a gasoline can in her garage. She initially said that she had cleaned up the spill and that the fire started when she was smoking a cigarette in her car before running errands. She later said that she did not clean up the spill because she thought that it would dry on its own.

The detective re-interviewed Crawford the next day because her version of events was internally inconsistent and inconsistent with the nature of the fire. When confronted with those inconsistencies, Crawford admitted that she intentionally started the fire in a suicide attempt. She told the detective, "I poured gas all around outside of the car. I got some gas inside the car, and then sat in the car and closed the door. I started the car and lit a cigarette and there was fire everywhere. I heard it, felt the heat and said, what am I doing, what is wrong with me?" She then told the detective how she got out of the car, ran to the garage door, and crawled to safety.[1]

---

[1] Crawford ultimately pleaded guilty to Second Degree Reckless Burning.

IDS received notice of the loss on November 5th, five days after the fire.[2] It hired a third-party adjuster to investigate the homeowner's claim two days later. During his investigation, the adjuster learned about the Police Department's investigation. He contacted the detective who had interviewed Crawford. The detective told the adjuster that Crawford had admitted to intentionally starting the fire in a suicide attempt.

On November 17th, IDS sent Crawford a letter informing her that it was investigating her claim under a reservation of rights. That letter cited to the policy's intentional loss exclusion, which excludes from coverage "any loss arising out of any act an insured person commits . . . with the intent to cause a loss." On November 29th, less than a month after the fire, IDS sent Crawford a letter informing her that her claim had been denied. The letter again cited to the intentional loss exclusion as well as relevant Washington cases and the police report that detailed her admission. IDS filed this action seeking a declaratory judgment confirming its denial of coverage in February of 2012.

## II.    DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, "summary judgment

---

[2] On November 8th, an adjuster investigating Crawford's auto claim interviewed her over the phone. Even though she had already admitted to the police that she started the fire on purpose, she told the adjuster that the fire started accidentally when she was cleaning up spilt gasoline while smoking a cigarette.

should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. The Intentional Loss Exclusion Applies

Crawford is not the first person to intentionally set her house on fire and then submit an insurance claim for the damage. This case is a bit unusual because she does not deny that is what she did. IDS contends that the intentional loss exclusion applies because Crawford admittedly started the fire on purpose. Crawford contends that, according to the policy language, she must have subjectively intended to cause a "loss" for the exclusion to apply. In other words, Crawford argues that the exclusion only applies if her purpose for setting the fire was to damage her home or property. She claims that she set the fire to harm herself, not her house or private property, so the exclusion does not apply. Crawford's argument conflates motive with intent.

Crawford's homeowner's policy insured her home, including her garage, and her personal property. The policy covers all direct physical losses to insured property unless an exclusion applies. The exclusion section exempts from coverage losses caused by nine different events. One of the exclusions is for intentional losses. The policy defines intentional loss as "any loss arising out of any act an insured person commits . . . with the intent to cause a loss." The policy does not define "loss," but the parties agree that "loss" means damage to insured property.

Washington courts have construed similar exclusions as applying only if the insured intended both the act and an injury. *Westn. Nat'l. Assur. Co. v. Hecker*, 43 Wash.App. 816, 825, 719 P.2d 954, 960 (1986). An insured's intent to cause an injury can be inferred from her actions when the act and injury are indissolubly bound. *Safeco Ins. Co. v. McGrath*, 63 Wash.App. 170, 173, 817 P.2d 861, 863 (1991). If intent to cause an injury is established, it does

not matter that the scope of the actual injuries are greater than or different from that which was intended. *Hecker*, at 825, 719 P.2d at 960.

Here, Crawford's intent to damage her property must be inferred from her actions. Houses are necessarily damaged when they are set on fire. Crawford admits to intentionally pouring fuel all around her garage and then setting it on fire. Based on that admission, a reasonable jury could only conclude that Crawford subjectively intended to damage her property. Her motivation for starting the fire is irrelevant. The intentional loss exclusion applies; IDS's motion for summary judgment on coverage is **GRANTED**.

### C.    Crawford's Counterclaims

Crawford's counterclaims are largely based on her contention that the intentional loss exclusion does not apply. She alleges that IDS conducted a cursory, inadequate investigation and denied her claims based on its assumption that the intentional loss exclusion applies. Insurance companies must reasonably investigate an insured's claim in good faith before denying coverage. *Coventry Assoc. v. Am. States Insur.*, 136 Wn.2d 269, 276, 961 P.2d 933 (1998); WAC 284–30–330(4). But IDS's investigation produced direct, conclusive evidence that Crawford's claim was not covered—her confession that she started the fire on purpose. Based on that evidence, IDS correctly concluded that the intentional loss exclusion applies and denied coverage. IDS's investigation was reasonable as a matter of law, and it is entitled to summary judgment on Crawford's counterclaims.

### III.    CONCLUSION

After receiving notice of a claim for fire and smoke damage to Crawford's home and personal property, IDS conducted a reasonable investigation that produced undisputed evidence that Crawford intentionally started the fire in a suicide attempt. IDS correctly denied coverage

based on that information. IDS's motion for summary judgment (Dkt. #22) is **GRANTED** and Crawford's cross-motion for partial summary judgment (Dkt. #31) is **DENIED**.

Dated this 16th day of April, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE